Irwin B. Schwartz (SBN 141140)
John V. Komar (SBN 169662)
BLA Schwartz, PC
2033 Gateway Place, Suite 500
San Jose, California 95110
Telephone: 408-947-9099
Facsimile:  408-947-9001

Attorneys for Plaintiff Autosoft, Inc.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUTOSOFT, INC., a Pennsylvania Corporation, <br><br> Plaintiff, <br><br> vs. <br><br> AUTOSOFT NET, INC., a California Corporation, <br><br> Defendant. | Case No.: <br><br> COMPLAINT |

For its Complaint against defendant Autosoft Net, Inc. ("Defendant"), Plaintiff Autosoft, Inc. ("Autosoft") states and alleges as follows:

1. This is an action by Autosoft for injunctive relief and to recover damages caused by Defendant's acts of trademark infringement and dilution under federal law.

2. In short, Defendant's use of the term "Autosoft Net" fosters consumer confusion and false association between Autosoft and Defendant in the automotive dealer software market in violation of 15 U.S.C. §§ 1114 & 1125(a).

COMPLAINT        1        Case No.

**THE PARTIES**

3. Plaintiff Autosoft, Inc. is a Pennsylvania corporation headquartered at 61 Executive Court, West Middlesex, Pennsylvania.

4. Autosoft owns the federal trademark registration for the mark "AUTOSOFT", U.S. Registration No. 4,754,390, covering, among many other things, "computer software for use by automobile dealers . . . [and] software as a service (SAAS) services featuring software for use by automobile dealerships. . . ." A true and correct copy of the Registration is attached hereto as Exhibit A.

5. Defendant Autosoft Net, Inc. is a California corporation with a principal place of business at 555 Herndon Avenue, Clovis, California.

**JURISDICTION AND VENUE**

6. This Court has subject matter jurisdiction over this action pursuant to Section 39 of the Lanham Act, 15 U.S.C. §§ 1114, 1125(a) and (c) and under the jurisdictional provisions of 28 U.S.C. §§ 1331, 1338, and 1367.

7. Venue is proper pursuant to 28 U.S.C. § 1391 because Defendant is a resident in the judicial district governed by this district.

8. This Court has personal jurisdiction over Defendant because it is a California corporation with a principal place of business in California.

**STATEMENT OF CLAIM**

9. Autosoft is currently the fourth largest dealer management system provider for automobile dealerships in the United States and is approved and certified by more than 20 OEM automotive manufacturers. Autosoft owns the software known as the Autosoft Dealership Management System (the "Software").

10. The Software is a dealer management system that allows car dealerships to streamline key business functions by providing sales, accounting, parts, service, and other management applications.

11. Since 1989, Autosoft has used its AUTOSOFT mark to market and sell the Software to automobile dealers across the country.  Autosoft used the AUTOSOFT mark to market and sell the Software to customers in California since the early 1990s and some current California customers have been using the Software since 1994.

12. In marketing the Software, Autosoft has extensively used and promoted its name and mark across the country, and has invested considerable time, money and other resources.

13. Autosoft also owns and operates a proprietary website at www.autosoftdms.com in connection with its offering of the Software to automobile dealerships.

14. Autosoft has recently learned that, sometime after it began marketing and selling the Software using the AUTOSOFT mark in California, Defendant began marketing and selling similar software using the Autosoft Net name and www.autosoft.net website.

15. Defendant's use of the Autosoft Net name is likely to cause consumer confusion as to the origin, sponsorship and endorsement between Autosoft's services and Autosoft Net's services.

16. First, there are obvious and acute visual and phonetic similarities between the AUTOSOFT mark and Autosoft Net name.  Indeed, the only difference is that Defendant added "Net" after its name.

17. It is equally problematic that the services provided by Autosoft and Defendant are substantially similar.  Indeed, both Autosoft and Autosoft Net offer dealer management software to car dealerships.  Autosoft has also learned that, while Defendant historically sold its software

only to used-car dealerships, Defendant has begun to market and sell its software to new-car dealerships, which is Autosoft's primary market. As such, Autosoft and Defendant operate in the same or similar channels of trade and compete for the same market of customers.

18. On or about February 8, 2016, Autosoft sent a cease-and-desist letter to Defendant notifying Defendant of the registered AUTOSOFT trademark, Autosoft's prior use of the AUTOSOFT trademark, and the obvious similarity between the registered AUTOSOFT trademark and the Autosoft Net name. A true and correct copy of this letter is attached hereto as Exhibit B.

19. On April 20, 2016, Defendant's counsel responded to Autosoft's letter and claimed that the registered AUTOSOFT trademark was only entitled to minimal protection, that the Autosoft Net name did not infringe upon the registered AUTOSOFT trademark and that Defendant had priority over the Autosoft name in the California and Washington markets.

20. Defendant continues to willfully and unlawfully infringe upon Autosoft's registered trademark.

21. Upon information and belief, Autosoft has lost, and will continue to lose profits due to Defendant's unlawful and willful infringement. Indeed, Autosoft is aware of multiple occasions in which Defendant's unlawful infringement of the registered AUTOSOFT trademark has caused customer confusion.

22. Upon information and belief, Autosoft's registered trademark has been diluted and will continue to be diluted due to Defendant's unlawful and willful use of the AUTOSOFT mark.

23. Upon information and belief, unless enjoined by this Court, Defendant will continue its unlawful course of willful infringing misconduct.

24. As a direct and proximate result of Defendant's acts as alleged herein, Autosoft has already suffered irreparable harm and sustained lost profits to Defendant.

## COUNT I
### (Federal Trademark Infringement)

25. Autosoft repeats and realleges the allegations of paragraphs 1 through 24 above, as if fully stated herein.

26. The AUTOSOFT trademark is entitled to protection under federal law, as Autosoft owns the U.S. Registration No. 4,754,390 for the trademark AUTOSOFT, covering, among many other things, "computer software for use by automobile dealers . . . [and] software as a service (SAAS) services featuring software for use by automobile dealerships. . . ."

27. Defendant knowingly and willfully infringed on the registered AUTOSOFT trademark.

28. Defendant's use of the Autosoft Net name in connection with its automobile dealer software is likely to cause a significant number of consumers confusion as to the origin, sponsorship, or approval between Autosoft's services and Defendant's services, in violation of 15 U.S.C. §§ 1114 & 1125(a).

29. Defendant's actions complained of herein constitute an exceptional case within the meaning of 15 U.S.C. § 1117(a) of the Lanham Act.

## COUNT II
### (Federal Trademark Dilution)

30. Autosoft repeats and realleges the allegations of paragraphs 1 through 29 above, as if fully stated herein.

31. By reason of Autosoft's continued use and substantial marketing and advertising of the services it offers in connection with its registered trademark, it is a distinctive and famous mark within the meaning of Section 43(c) of the Lanham Act 15 U.S.C. §§ 1125(c)(1) & (2) and

became famous prior to Defendant's unauthorized and willful infringement of the AUTOSOFT trademark.

32. Defendant's willful acts complained of herein have caused and are likely to continue to cause dilution of the registered AUTOSOFT trademark.

33. As a direct and proximate result of Defendant's actions, Autosoft has suffered and will continue to suffer irreparable harm, damage, and injury, resulting in profits to Defendant to which Autosoft is rightfully entitled.

## COUNT III
### (Passing Off)

34. Autosoft repeats and realleges the allegations of paragraphs 1 through 33 above, as if fully stated herein.

35. Defendant's acts, as set forth herein, are likely to cause consumer confusion as to the origin, sponsorship, or approval of Defendant's services and constitute passing off in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

36. Defendant's actions have damaged Autosoft and Autosoft is likely to continue to be damaged if Defendant is allowed to continue using the Autosoft Net name in the automobile dealer management software market.

## JURY TRIAL DEMAND

Autosoft hereby demands a trial by jury on all counts and issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Autosoft respectfully requests an Order from this Court:

A. Permanently enjoining Defendant, its officers, agents, servants, employees, and attorneys, and those persons acting in concert with it from using the Autosoft Net name in violation of 15 U.S.C. §§ 1114, 1125(a) and (c);

B.       Directing Defendant to transfer to Autosoft its ownership in the registration of any domain name containing the word autosoft;

C.       Directing Defendant to file with this Court and to serve upon Autosoft's counsel within thirty days after the injunction is served upon Defendant a written report, signed under oath, setting forth in detail the manner in which Defendant has complied with the injunction;

D.       Directing Defendant to account to Autosoft for any and all gains, profits, and advantages derived from Defendant's use of the Autosoft Net name;

E.       Awarding damages to Autosoft against Defendant, in an amount to be determined at trial, calculated by Defendant's profits, damages sustained by Autosoft, and the costs of this action;

F.       Awarding Autosoft its attorneys' fees pursuant to 15 U.S.C. § 1117; and

G.       Granting such other and further relief as this Court may deem just and proper.

Dated:  June 14, 2016                          BLA Schwartz, PC,


                                               /s/ John V. Komar_____
                                               John V. Komar (SBN 169662)
                                               Irwin B. Schwartz (SBN 141140)

                                               Counsel for Plaintiff Autosoft, Inc.